

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DENVER, CO

DETROIT, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL

MILWAUKEE, WI
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA

PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN DIEGO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

May 2, 2011

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: Hamel Toure, et al. v. Amerigroup Corporation, et al.
           <u>Index No.: 10-CV-5391 (RRM-ALC)</u>

Dear Judge Mauskopf:

  We are counsel for Defendants in the above-referenced matter. We write pursuant to Rule III.A.2 of Your Honor's individual rules to request permission to move to consolidate a newly-filed action against Defendants in the Eastern District with this case. As this Court has already scheduled a court conference for May 5, 2011, relating to Defendants' pending request for permission to move for transfer of this matter (D.E. 20), we ask that some time at the conference also serve as a pre-motion conference concerning Defendants' proposed motion to consolidate these cases before Your Honor pursuant to FRCP 42, Local Rule 50.3.1 and the "first filed" rule.

**I.  The Newly-Filed <u>Burch</u> Action**

  On April 18, 2011, Andrea Burch filed her Complaint in E.D.N.Y. Case Number 11-cv-01895 ("Burch Action").[1] That Complaint is attached hereto as <u>Exhibit A</u>, and the Burch Action is currently assigned to Judge Weinstein and Magistrate Judge Bloom. The Burch Action, like the case at bar, is a putative collective and class action brought pursuant to the Fair Labor Standards Act and New York Labor Law. *Id.* ¶¶ 5,6. It seeks to represent substantially identical class and collective action groups of allegedly similarly situated "Marketing Representatives" employed by Defendants. *Id.*; Toure Amended Complaint (D.E. 21) ¶ 1. Plaintiff Burch worked for Defendant Amerigroup New York, L.L.C. in Brooklyn during 2008

---

[1] Although Defendants have not been served with the Complaint in the Burch Action, we write at this juncture to preserve efficiency given the upcoming conference before Your Honor in this case.



Hon. Roslynn R. Mauskopf
United States District Court
May 2, 2011
Page 2

and 2009. Ex. A ¶¶ 16, 17. Plaintiff Toure worked in Brooklyn for the same Defendant between 2007 and 2009.[2] In short, Plaintiff Burch has brought the exact same case as Plaintiff Toure.

## II. Consolidation of <u>Burch</u> and <u>Toure</u> Before This Court Is Appropriate.

### A. First Filed Rule

Without reaching the merits of either Plaintiff's claims, or the identical class and collective action allegations of either, it is patently obvious that these actions should be consolidated pursuant to the "first-filed" (or "first-to-file") rule. Under this rule, courts routinely transfer, stay or even dismiss FLSA collective actions that are filed after and substantially overlap an earlier-filed FLSA collective action. *See, e.g. White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339 (S.D. Miss. 2008) (transferring FLSA collective action pursuant to first-filed rule); *Steavens v. Electronic Data Sys. Corp.*, 2008 WL 5062847 (E.D. Mich. Nov. 25, 2008) (same); *Jumapao v. Washington Mutual Bank, F.A.*, 2007 WL 4258636 (S.D. Cal. Nov. 30, 2007) (same).

"Application of the [first-filed] rule requires that both cases have identical or substantially similar parties and claims." *Spotless Enter. Inc. v. Accessories Corp.*, 415 F. Supp. 2d 203, 205-06 (E.D.N.Y. 2006) (noting that "the rule does not require identical parties in both cases, but merely requires 'substantial overlap'"). Judge McMahon recently acknowledged the general viability of the first filed rule as applied to FLSA collective actions. *Pippins v. KPMG LLP*, 2011 U.S. Dist. LEXIS 30678 (S.D.N.Y. Mar. 21, 2011). While the Judge ultimately did not apply the rule in *Pippins*, she declined to do so only because the earlier filed action (pending in California), has been stayed pending an appeal, the timeline of which was uncertain, potentially prejudicing putative plaintiffs in the *Pippins* case. *Id.* at *14. No such infirmity to application of the rule exists here. Plaintiffs Toure and Burch are each at the outset of identical cases. Their complaints implicate identical groups.

### B. Federal Rule of Civil Procedure 42 Provides A Separate Basis For Consolidating The Two Cases

Rule 42 provides that where "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Franco v. Ideal Mortg. Bankers, Ltd.*, 2009 U.S. Dist. LEXIS 91570 (E.D.N.Y. Sept. 28, 2009) *citing* FRCP 42(a). In *Franco*, Magistrate Judge Tomlinson consolidated a subsequent FLSA collective action (*Fraser v. Ideal Mortgage*) with the identical and already-pending *Franco* case, even though *Franco* was a conditionally certified action which was well underway at the time of consolidation. Here, there are even fewer differences between the two cases than existed

---

[2] Indeed, Plaintiffs Toure and Burch reported to two of the same supervisors during their overlapping periods of employment.



Hon. Roslynn R. Mauskopf
United States District Court
May 2, 2011
Page 3

between *Franco* and *Fraser*. Indeed, there are none, and the cases should be consolidated.

    **C.    Rule 50.3.1 of the Eastern District's Guidelines for the Division of Business Among District Judges Also Favors Consolidation, as *Burch* Is "Related" to *Toure* Within the Meaning of the Rule**

Local Rule 50.3.1 provides that "A civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." *Id.* (a). While Defendants understand that Local Rule 50.3.1 is not intended to vest substantive rights in litigants – and that Defendants must adhere to the procedures set forth in Local Rule 50.3.1(d) concerning the pursuit of a "related" designation by a party – Defendants note their belief that this Rule, too, very clearly favors the designation of Burch as "related" to Toure.[3]

\* \* \* \* \* \* \* \*

For all the reasons set forth herein, Defendants respectfully request that the newly-filed Burch action be consolidated with the case at bar. Alternatively, Defendants request permission to brief this new issue.

Respectfully submitted,

JACKSON LEWIS LLP

Jonathan M. Kozak

cc:    Andrew Frisch, Esq., *Counsel for Plaintiff* (via ECF)
        Carlos Leach, Esq., *Counsel for Plaintiff* (via ECF)
        Felice B. Ekelman, Esq., *Jackson Lewis LLP* (internal)
        Noel P. Tripp, Esq., *Jackson Lewis LLP* (internal)
        Justin Swartz (counsel for Andrea Burch)(via electronic and first class mail)
        Rachel Bien (counsel for Andrea Burch)(via electronic and first class mail)
        Michael Scimone (counsel for Andrea Burch)(via electronic and first class mail)
        Senior Judge Jack B. Weinstein (via Federal Express)
        Magistrate Judge Lois Bloom (via Federal Express)

---

[3] Counsel for both Plaintiffs are copied on this letter, and Defendants shall attempt to confer with counsel as to these issues prior to the conference this coming Thursday.

# EXHIBIT A

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
Michael J. Scimone
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**SUMMONS ISSUED**



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA BURCH, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERIGROUP CORP., d/b/a AMERIGROUP; AMERIGROUP NEW YORK, LLC, d/b/a/ AMERIGROUP<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>WEINSTEIN, J.<br><br>BLOOM, M.J. |

Plaintiff Andrea Burch ("Burch" or "Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Outten and Golden LLP, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

### NATURE OF THE ACTION

1. Amerigroup Corp. is a publicly-traded for-profit health insurance corporation and Amerigroup New York, LLC is a for-profit limited liability company (collectively, "Defendants" or "Amerigroup"). Amerigroup contracts with state and local governments to provide managed care to Medicaid-eligible individuals. The government pays Amerigroup for each member enrolled.

2. Amerigroup jointly employs Plaintiff and other similarly situated Marketing Representatives. It deploys Marketing Representatives to various fixed locations, such as hospitals, doctor's offices, and pharmacies, in low-income neighborhoods to enroll eligible individuals in Medicaid and other government-subsidized health insurance programs. These programs are free to most individuals who enroll in them.

3. These Marketing Representatives, who often make little more than the Medicaid recipients they recruit, work long hours trying to meet aggressive quotas that Amerigroup imposes on them. In order to get credit for the individuals they enroll, Marketing Representatives must ensure that the enrollment forms they submit are complete. To do this, Marketing Representatives must work well into the night collecting documents from enrollees demonstrating their Medicaid eligibility, copying the documents, and verifying the information they contain.

4. It is Amerigroup's policy to deprive Marketing Representatives, including Plaintiff, of overtime wages to which the law entitles them. Upon information and belief, Amerigroup has classified all Marketing Representatives as "outside salespeople," exempt from overtime pay requirements under state and federal law. It has classified Marketing Representatives in this way in order to avoid paying them all of their earned wages.

5. Plaintiff seeks to recover unpaid wages that Amerigroup owes her and similarly-situated current and former Amerigroup Marketing Representatives. She brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of herself and all similarly-situated current and former Marketing Representatives who elect to opt in to this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

6. Plaintiff also brings this action on behalf of herself and a class of similarly-situated current and former Marketing Representatives pursuant to Rule 23 of the Federal Rules

of Civil Procedure, for unpaid overtime wages under the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Code R. & Regs., tit. 12, § 142 ("NYLL").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiff's state law claims pursuant the Class Action Fairness Act, 28 U.S.C. § 1332.

8. The Court has jurisdiction over Plaintiff's federal claim under the FLSA pursuant to 29 U.S.C. § 216(b).

9. The amount in controversy in this matter exceeds $5,000,000, exclusive of interest or costs.

10. Upon information and belief, a least one member of the proposed class is a citizen of a State different from Defendants.

11. Plaintiff's claims involve matters of national interest or interstate interest.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Brooklyn, New York.

14. Upon information and belief, Amerigroup is subject to personal jurisdiction in New York.

## THE PARTIES

*Plaintiff*

15. Plaintiff Andrea Burch resides in Brooklyn, New York.

16. Burch worked as a Marketing Representative for Amerigroup in New York from approximately September 2008 through approximately April 2009.

17. During her employment with Amerigroup, Burch primarily worked in and around the East Flatbush neighborhood of Brooklyn, New York.

18. Pursuant to Amerigroup's policy and pattern or practice, Burch regularly performed work for Amerigroup's benefit without compensation. Amerigroup did not pay Burch overtime for the hours she worked for Amerigroup's benefit in excess of 40 hours in a workweek.

*Defendants*

19. Amerigroup Corp. is a publicly-traded for-profit corporation, incorporated in Delaware, doing business within the City of New York and Putnam County.

20. Amerigroup Corp. maintains an office at 360 West 31st Street, New York, NY 10001-2727.

21. Amerigroup Corp. maintains its corporate headquarters at 4425 Corporation Lane, Virginia Beach, Virginia, 23462.

22. Amerigroup New York, LLC is a domestic for-profit limited liability company incorporated in New York, doing business within the City of New York and Putnam County.

23. Amerigroup New York, LLC maintains an office at 4425 Corporation Lane, Virginia Beach, Virginia, 23462.

24. Amerigroup New York, LLC maintains its corporate headquarters at 360 West 31st Street, New York, NY 10001-2727.

4

25. Amerigroup Corp. and Amerigroup New York, LLC employed and/or jointly employed Plaintiff and similarly-situated employees.

26. Upon information and belief, Amerigroup Corp. and Amerigroup New York, LLC had the power to hire and fire employees, including Plaintiff and similarly-situated employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

27. Upon information and belief, at all times relevant, Amerigroup Corp. and Amerigroup New York, LLC also had the power to stop any illegal pay practices that harmed Plaintiff and similarly-situated employees.

28. Amerigroup Corp. and Amerigroup New York, LLC are covered employers within the meaning of the FLSA and the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings an FLSA claim on behalf of herself and all similarly-situated persons who work or have worked for Amerigroup as Marketing Representatives between April 18, 2008 and the date of final judgment in this action and who elect to opt in to this action (the "FLSA Collective").

30. Amerigroup is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff. There are many similarly-situated current and former Amerigroup Marketing Representatives who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly-situated employees are known to Amerigroup, are readily identifiable, and can be located through Amerigroup's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

31. Plaintiff also brings a NYLL claim on behalf of herself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of: all persons who work or have worked for Amerigroup as Marketing Representatives between April 18, 2005 and the date of judgment in this action (the "Rule 23 Class").

32. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Amerigroup.

33. Amerigroup has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Rule 23 Class as a whole.

34. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

   (a) whether Amerigroup has failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

   (b) what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   (c) whether Amerigroup has failed and/or refused to pay Plaintiff and the Rule 23 Class overtime for hours worked in excess of 40 hours per work week within the meaning of NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Code R. & Regs., tit. 12, § 142;

6

(d) the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(e) whether Amerigroup has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the NYLL; and

(f) whether Amerigroup's policy of misclassifying workers was created and maintained willfully or with reckless disregard of the law.

35. The claims of the Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the Rule 23 Class work or have worked for Amerigroup as Marketing Representatives and have not been paid overtime for the hours that they worked in excess of 40 hours per week. Amerigroup has acted and has refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

36. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

37. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to prosecute a lawsuit vigorously in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Amerigroup's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is

superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Amerigroup's practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

39. Consistent with Amerigroup's policy and pattern or practice, Plaintiff and the members of the FLSA Collective and the Rule 23 Class (collectively "Class Members") regularly worked in excess of 40 hours per week without being paid overtime.

40. All of the work that Plaintiff and the Class Members have performed has been assigned by Amerigroup and/or Amerigroup has been aware of all of the work that Plaintiff and the Class Members have performed.

41. Upon information and belief, it has been Amerigroup's policy and pattern or practice to classify Marketing Representatives as exempt from the coverage of the overtime provisions of the FLSA and NYLL, without reference to the types of duties these workers performed.

42. Upon information and belief, Amerigroup has not trained its employees, including Plaintiff's and the Class Members' supervisors, on the differences between exempt and non-exempt work.

43. As part of its regular business practice, Amerigroup has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL with respect to Plaintiff and the Class Members. This policy and pattern or practice includes but is not limited to:

  (a) willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of Amerigroup;

  (b) willfully failing to keep payroll records as required by the FLSA and NYLL;

8

(c) willfully misclassifying the Plaintiff and the Class Members as exempt from the requirements of the FLSA and NYLL; and

(d) willfully failing to pay its employees, including Plaintiff and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

44. Upon information and belief, Amerigroup's unlawful conduct described in this Complaint is pursuant to corporate policies or practices of minimizing labor costs by violating the FLSA and the NYLL.

45. Amerigroup is aware or should have been aware that state and federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week.

46. Amerigroup's failure to pay Plaintiff and the Class Members overtime wages for their work in excess of 40 hours per week was willful.

47. Amerigroup's unlawful conduct has been widespread, repeated, and consistent.

### PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

48. As a Marketing Representative, Plaintiff's primary job duty was to identify individuals who were interested in enrolling in Medicaid and other free health insurance programs and to assist them in filling out and submitting enrollment applications.

49. The tasks Plaintiff regularly performed related to her primary duty included, but were not limited to, the following:

(a) Setting up and dismantling Amerigroup display tables;

(b) Placing flyers and other Amerigroup marketing materials on display tables;

(c) Distributing informational flyers to potential enrollees eligible for government-subsidized health insurance programs;

9

(d) Speaking with individuals who approached her about whether they had health insurance and educating them about free health insurance options;

(e) Recording enrollees' contact information, marital status, and immigration status;

(f) Collecting and photocopying documents demonstrating enrollees' eligibility for government-subsidized health insurance, and

(g) Completing and submitting applications for Medicaid, Child Health Plus, Family Health Plus, and other government-subsidized health insurance plans.

50. Amerigroup required Plaintiff to meet a quota of approximately 25 enrollees per week.

51. Amerigroup did not pay Plaintiff a commission for the individuals she enrolled.

52. Plaintiff worked more than 40 hours during most workweeks.

53. During some workweeks, Plaintiff worked more than 60 hours.

54. Amerigroup failed to pay Plaintiff overtime for the hours she worked over 40 in a work week.

55. Amerigroup failed to keep accurate records with respect to Plaintiff's work.

### FIRST CAUSE OF ACTION
(Fair Labor Standards Act)
(Brought on Behalf of Plaintiff and the FLSA Collective)

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Amerigroup has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

58. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

59. At all relevant times, Plaintiff and other similarly-situated current and former Marketing Representatives were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Amerigroup.

61. Defendants are part of a single integrated enterprise that employed and/or jointly employed Plaintiff and the FLSA Collective within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

62. Defendants are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

63. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

64. Amerigroup has failed to pay Plaintiff and other similarly-situated current and former Marketing Representatives the overtime wages to which they were entitled under the FLSA.

65. Amerigroup's violations of the FLSA, as described in this Complaint, have been willful and intentional. Amerigroup has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly-situated current and former Marketing Representatives.

66. Because Amerigroup's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

67. As a result of Amerigroup's willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

11

68. As a result of Amerigroup's unlawful acts, Plaintiff and other similarly-situated current and former Marketing Representatives have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime)
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. At all relevant times, Plaintiff was an employee and Defendants have been employers within the meaning of the NYLL.

71. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Amerigroup.

72. Amerigroup has failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

73. By Amerigroup's failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to, the regulations in N.Y. Comp. Code R. & Regs., tit. 12 § 142.

74. Due to Amerigroup's violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Amerigroup their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly-situated persons, prays for the following relief:

A.  At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the court should issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Amerigroup as Marketing Representatives. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.  Unpaid overtime under the FLSA and NYLL;

C.  100 % liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

D.  An additional 25% liquidated damages under NYLL, Article 19, § 663 from the beginning of the class period through April 12, 2011, and 100% liquidated damages under the NYLL, Article 19, § 663 from April 12, 2011 through the date of final judgment;

E.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.  Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

G.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

H.  Pre-judgment interest;

I. An injunction requiring Amerigroup to pay all statutorily-required wages pursuant to the NYLL;

J. Attorneys' fees and costs; and

K. Such other relief as this Court deems just and proper.

\* \* \*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: April 18, 2011

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By: /s/ Michael J. Scimone

Michael J. Scimone

Justin M. Swartz
Rachel Bien
Michael J. Scimone
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**Attorneys for Plaintiff and the Class**

14