

Representing Management Exclusively in Workplace Law and Related Litigation

| | | |
|---|---|---|
| **Jackson Lewis LLP** | ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | PORTLAND, OR |
| **58 South Service Road** | ALBUQUERQUE, NM | GREENVILLE, SC | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| **Suite 410** | ATLANTA, GA | HARTFORD, CT | MORRISTOWN, NJ | PROVIDENCE, RI |
| **Melville, New York 11747** | BALTIMORE, MD | HOUSTON, TX | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| **Tel 631 247-0404** | BIRMINGHAM, AL | INDIANAPOLIS, IN | NEW YORK, NY | RICHMOND, VA |
| **Fax 631 247-0417** | BOSTON, MA | JACKSONVILLE, FL | NORFOLK, VA | SACRAMENTO, CA |
| **www.jacksonlewis.com** | CHICAGO, IL | LAS VEGAS, NV | OMAHA, NE | SAN DIEGO, CA |
| | CINCINNATI, OH | LONG ISLAND, NY | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| | CLEVELAND, OH | LOS ANGELES, CA | ORLANDO, FL | SEATTLE, WA |
| | DALLAS, TX | MEMPHIS, TN | PHILADELPHIA, PA | STAMFORD, CT |
| | DENVER, CO | MIAMI, FL | PHOENIX, AZ | WASHINGTON, DC REGION |
| | | | PITTSBURGH, PA | WHITE PLAINS, NY |

June 2, 2011

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<div style="margin-left:2em">

Re:     Hamel Toure, et al. v. Amerigroup Corporation, et al.
        <u>Index No.: 10-CV-5391 (RRM-ALC)</u>

</div>

Dear Judge Mauskopf:

As counsel for Defendants in the above-referenced matter, we write pursuant to the Court's instructions at the May 25, 2011 conference regarding Defendants' application to transfer this matter to the Eastern District of Virginia, Norfolk Division ("Norfolk"). Defendants maintain that transfer remains appropriate under the factors used by courts interpreting 28 U.S.C. § 1404(a),[1] and also seek to clarify statements made during the conference regarding the availability of non-party witnesses to testify here in the Eastern District of New York in this matter. Defendants remain available to provide a full motion regarding these matters, including evidentiary submissions reflecting the below, in the Court's discretion and at its convenience.

**I.     *Transfer of This Action Is Appropriate Under the 1404 Transfer Factors***

<div style="margin-left:2em">

**A.     Convenience of Witnesses and Parties (Factors 2 and 4)**

</div>

As discussed at the conference, substantially all of Defendants' witnesses as to the classification of Marketing Representatives under the FLSA are located in Norfolk. While the two named Plaintiffs (both former employees) are located in New York, there is no guarantee or even indication that other former employees who might opt-in, or other former supervisors who might testify in this matter, reside in New York. Furthermore, as stated at the court conference, Defendants will stipulate to depose the named Plaintiffs (and opt-in plaintiffs, if any) in New York, thereby negating much of the inconvenience to them which might attach to transfer. *See*

---

[1] For convenience, those factors are (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties. *Rindfleisch v. Gentiva Health Sys.*, 2010 U.S. Dist. LEXIS 107919 at * 11 (E.D.N.Y. Oct. 8, 2010). Additionally, some courts look to "[8] the forum's familiarity with governing law, and [9] trial efficiency and the interest of justice, based on the totality of the circumstances." *Id.* at * 12. Of these nine factors, Defendants submit that factors 2,3,4,6 and 9 strongly support transfer, and factors 5, 7 and 8 are neutral. Plaintiff's choice of forum, while entitled to some deference, cannot overcome the weight of this analysis. *Earley v. BJ's Wholesale Club, Inc.*, 2007 U.S. Dist. LEXIS 40125 (S.D.N.Y. June 4, 2007)("plaintiffs choice of forum is a less significant consideration in a (here, putative) class action than in an individual action").



*Rindfleisch*, 2010 U.S. Dist. LEXIS 107919 at *19 ("given that this lawsuit will focus on defendant's development and implementation of the [relevant compensation] system, as well as on defendant's formulation of its compensation practices and policies, most of the relevant witnesses will be located at [Defendant's] headquarters").

As Judge Bianco further observed, where an FLSA collective action "is based upon the allegation that defendant . . . has a 'corporate policy' of paying certain types of workers under an allegedly unlawful . . . compensation scheme . . . the testimony [that would be] more critical and extensive is likely to be provided by the parties and witnesses residing . . . where [defendant] is headquartered and its executives who set company-wide policies are based." *Id.* at 28-29; *Pippins v. KPMG LLP*, 2011 U.S. Dist. LEXIS 30678 (S.D.N.Y. Mar. 21, 2011)(rejecting transfer away from the Southern District of New York in FLSA collective action because "the key witnesses in this case are the architects of the policy, who work in New York City"). The architects of Defendants' policies are resident in Virginia Beach.

**B.      Location of Relevant Documents (Factor 3)**

As stated at the conference, documents regarding Marketing Representatives' schedules and locations (and, thus, their hours of work) are maintained in Norfolk, as are payroll records. Some of these documents are maintained in paper format, while others are electronic. Individuals responsible for maintaining and organizing these documents (the same individuals who would be called upon to review, sort and collate them in connection with this litigation), are resident in Virginia Beach. Despite (and perhaps in some cases because of) the complex electronic environment in which such information can be maintained, courts have continued to acknowledge that the great volume of paper and electronic documentation implicated by a putative class or collective action militates in favor of transfer in similar cases. *Id.* at *34-36 citing Earley, supra and Lauer v. Saybolt LP*, 2010 U.S. Dist. LEXIS 48147 at *5 (E.D.N.Y. May 17, 2010).

**C.      Availability of Process To Compel Attendance of Witnesses (Factor 6)**

As discussed below, witnesses outside of this Court's subpoena power are unavailable for purposes of this factor of the transfer analysis, because among other things they are unavailable for trial. This means that former Human Resources and Marketing executives of Amerigroup Corporation who reside in the Norfolk area may be unavailable to testify at trial in this matter. Such individuals will be able to provide testimony regarding Defendants' defenses including, potentially, good faith efforts to comply with the FLSA and the absence of willfulness. To the best of Defendants' knowledge, several former Amerigroup Human Resources and Marketing professionals who participated in the review process at different time periods at issue in this case reside in the Virginia Beach area, and process would be available to compel their testimony in Norfolk. This factor "strongly" favors transfer. *Hammond v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 50293 at *19 (E.D. Cal. Apr. 29, 2011).

**D.      Trial Efficiency and the Interests of Justice (Factor 9)**

Trial efficiency favors transfer. In 2009, the Eastern District of Virginia's median time to trial for civil cases was 10.2 months, as opposed to 32 months in the Eastern District of



Hon. Roslynn R. Mauskopf
United States District Court
June 2, 2011
Page 3

New York. *See* Exhibit A. In the prior year, those numbers were 9.8 and 30.4, respectively. *Id.* Thus, the Eastern District of Virginia is the better-situated district for the speedy adjudication of this case.[2] *Hammond*, 2011 U.S. Dist. LEXIS 50293 at *22-23 (citing court's press release regarding judicial vacancy in transferor district as evidence of greater congestion, thus favoring transfer). As concerns the interests of justice, both districts have an interest in this matter: New York (where the two named Plaintiffs reside) and Virginia (where defendant Amerigroup Corporation, one of the Norfolk region's largest private employers, is headquartered).

### E. Factors 5, 7 and 8 All Are Neutral In Light of Defendants' Proposed Concessions

As stated at the conference and reiterated above, Defendants will agree to depose the named Plaintiffs (and opt-in plaintiffs, if any) in New York, at mutually convenient times and locations. This stipulation negates any hardship associated with Plaintiffs' allegedly lesser means (Factor 7), rendering this factor neutral.[3] Also for reasons set forth herein, the locus of operative facts factor (Factor 5) is neutral, as Plaintiffs worked in New York while key policy decisions and instructions flowed from Virginia.

Finally, as concerns forum familiarity with governing law (Factor 8), it is universally understood, as to Plaintiffs' federal claims, that the district courts "comprise a single system applying a single body of law." *H. L. Green Co. v. MacMahon*, 312 F.2d 650, 652 (2d Cir. 1962). Each court is thus equally equipped to address Plaintiffs' FLSA claims, the claims creating jurisdiction in this federal court. Further, New York courts have held that the adjudication of substantially similar New York Labor Law claims does not require any specialized expertise, deviating from the court's application of the FLSA. *Meyers et al v. Crouse Health System, Inc., et al.*, Case No. 08-CV-01221, Order dated March 28, 2011 (N.D.N.Y. March 28, 2011) at 29-30 (concluding "no novel issues of state law exist" in FLSA and Labor Law action). Thus, this Court possesses no unique knowledge regarding Plaintiffs' particular claims from which the parties stand to benefit.

### II. Non-Party Witnesses Located In Virginia Could Not Be Compelled To Appear at a Trial in the Eastern District of New York

At the conference, Plaintiffs' counsel rightly noted that FRCP 45 provides a mechanism for obtaining *deposition testimony* from non-party witnesses outside a federal district. The Rule provides:

A subpoena must issue as follows:

---

[2] Furthermore, based on publicly available information, this Court is currently seeking an additional Magistrate Judge. In addition, the magistrate assigned to this case, Honorable Magistrate Judge Andrew Carter, has been nominated to serve as a District Court Judge in the Southern District of New York.

[3] Defendants also note that under 28 U.S.C. § 1404, the location of a party's attorney is generally not considered. *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004); *Langford v. Ameritanz, Inc.*, 2006 U.S. Dist. LEXIS 32823, 28-29 (E.D. Cal. 2006). In any event, Plaintiffs are currently represented by three different reputable law firms.



(A) for attendance at a hearing or trial, *from the court for the district where the hearing or trial is to be held*;

(B) for attendance at a deposition, from the court for the district where the deposition is to be taken

Fed. R. Civ. P. 45(a)(2)(emphasis added). Under part B, then, Defendants potentially could – by instituting a separate action in Virginia – seek to compel depositions in Virginia for non-party witnesses. However, neither court could "compel key non-party witnesses to attend a trial in this district." *Collins v. Reisner*, 2010 U.S. Dist. LEXIS 118042 (E.D.N.C. Nov. 5, 2010) *citing* Fed. R. Civ. P. 45(c)(3)(A)(ii) *and* 15 Charles Alan Wright et al., Federal Practice & Procedure § 3851 (3d ed. 2007)("Often cited as the most important factor ... is the convenience of witnesses, most particularly non-party witnesses who are important to the resolution of the case"). For these reasons, courts analyzing the availability of witnesses under this factor traditionally treat witnesses outside the subpoena range of the trial court as unavailable, and Defendants submit that the witnesses described herein should be deemed unavailable for purposes of this case. *Hammond*, 2011 U.S. Dist. LEXIS 50293 at *18-19 (granting transfer).

* * * * * * * *

This case is not a single plaintiff action in which two individuals seek to recover modest amounts of allegedly unpaid overtime. It is a putative collective action which the authority cited herein correctly understood to constitute broad-based attack primarily focused on Defendants' corporate policies under the laws at issue, not merely the day-to-day activities of the employee Plaintiffs. Defendants submit that this is the appropriate lens for analyzing their transfer proposal and weighing the burdens on the parties, witnesses and the courts implicated thereby. We look forward to the Court's further direction in this regard.

Respectfully submitted,

JACKSON LEWIS LLP

*Felice B. Ekelman*

FBE:dc                                  Felice B. Ekelman

cc:   Michael J. Scimone, Esq., *Counsel for Plaintiffs* (via ECF)
      Adam Klein, Esq., *Counsel for Plaintiffs* (via ECF)
      Rachel Bien, Esq., *Counsel for Plaintiffs* (via ECF)
      Andrew Frisch, Esq., *Counsel for Plaintiffs* (via ECF)
      Carlos Leach, Esq., *Counsel for Plaintiffs* (via ECF)
      Jonathan M. Kozak, Esq., *Jackson Lewis LLP* (internal)
      Noel P. Tripp, Esq., *Jackson Lewis LLP* (internal)

# EXHIBIT A

## U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| **NEW YORK EASTERN** | | 2009 | 2008 | 2007 | 2006 | 2005 | 2004 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 6,816 | 6,547 | 7,044 | 8,119 | 7,517 | 7,351 | | |
| | Terminations | 6,428 | 7,689 | 7,116 | 7,028 | 7,744 | 8,149 | | |
| | Pending | 9,561 | 9,196 | 10,258 | 10,461 | 9,335 | 9,529 | | |
| | % Change in Total Filings — Over Last Year | | 4.1 | | | | | 42 | 4 |
| | % Change in Total Filings — Over Earlier Years | | | -3.2 | -16.1 | -9.3 | -7.3 | 51 | 4 |
| | Number of Judgeships | 15 | 15 | 15 | 15 | 15 | 15 | | |
| | Vacant Judgeship Months** | 11.4 | 8.8 | 12.0 | 19.3 | 20.2 | 16.8 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 454 | 436 | 469 | 541 | 501 | 490 | 39 | 3 |
| | FILINGS — Civil | 380 | 364 | 383 | 466 | 423 | 397 | 26 | 3 |
| | FILINGS — Criminal Felony | 53 | 45 | 54 | 48 | 54 | 65 | 65 | 4 |
| | FILINGS — Supervised Release Hearings** | 21 | 27 | 32 | 27 | 24 | 28 | 55 | 4 |
| | Pending Cases | 637 | 613 | 684 | 697 | 622 | 635 | 9 | 3 |
| | Weighted Filings** | 530 | 500 | 494 | 527 | 537 | 536 | 24 | 3 |
| | Terminations | 429 | 513 | 474 | 469 | 516 | 543 | 42 | 3 |
| | Trials Completed | 18 | 16 | 18 | 13 | 16 | 23 | 54 | 1 |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 19.3 | 19.5 | 17.1 | 15.6 | 15.1 | 12.6 | 94 | 6 |
| | From Filing to Disposition — Civil** | 9.5 | 12.6 | 10.8 | 10.5 | 11.6 | 11.2 | 61 | 4 |
| | From Filing to Trial** (Civil Only) | 32.0 | 30.4 | 34.6 | 29.0 | 30.3 | 33.0 | 62 | 4 |
| OTHER | Civil Cases Over 3 Years Old** — Number | 1,255 | 942 | 752 | 831 | 763 | 789 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 16.7 | 13.2 | 9.2 | 9.8 | 10.3 | 10.4 | 87 | 4 |
| | Average Number of Felony Defendants Filed Per Case | 1.5 | 1.6 | 1.6 | 1.7 | 1.6 | 1.6 | | |
| | Jurors — Avg. Present for Jury Selection | 95.51 | 93.02 | 96.13 | 100.24 | 76.22 | 71.01 | | |
| | Jurors — Percent Not Selected or Challenged | 38.5 | 37.0 | 38.5 | 40.6 | 40.3 | 38.4 | | |

**2009 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE**

| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 5700 | 257 | 177 | 600 | 63 | 49 | 794 | 601 | 612 | 180 | 1278 | 19 | 1070 |
| Criminal* | 782 | 9 | 284 | 121 | 76 | 151 | 20 | 30 | 10 | 7 | 13 | 24 | 37 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.

\*\* See "Explanation of Selected Terms."

Judicial Caseload Profile Report                                                    http://www.uscourts.gov/cgi-bin/cmsd2009.pl

## U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **VIRGINIA EASTERN** | | | 2009 | 2008 | 2007 | 2006 | 2005 | 2004 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 4,949 | 4,985 | 5,091 | 5,636 | 5,837 | 6,197 | | |
| | Terminations | | 4,778 | 5,034 | 4,828 | 5,623 | 6,195 | 5,950 | | |
| | Pending | | 2,846 | 2,761 | 3,038 | 3,059 | 3,077 | 3,507 | | |
| | % Change in Total Filings | Over Last Year | -.7 | | | | | | 66 | 3 |
| | | Over Earlier Years | | | -2.8 | -12.2 | -15.2 | -20.1 | 79 | 7 |
| Number of Judgeships | | | 11 | 11 | 11 | 11 | 11 | 11 | | |
| Vacant Judgeship Months** | | | 12.0 | 24.7 | 20.0 | 9.0 | .0 | 4.5 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 451 | 453 | 462 | 513 | 531 | 564 | 40 | 3 |
| | | Civil | 295 | 288 | 294 | 354 | 369 | 409 | 51 | 4 |
| | | Criminal Felony | 110 | 120 | 123 | 112 | 118 | 115 | 19 | 2 |
| | | Supervised Release Hearings** | 46 | 45 | 45 | 47 | 44 | 40 | 15 | 1 |
| | Pending Cases | | 259 | 251 | 276 | 278 | 280 | 319 | 77 | 6 |
| | Weighted Filings** | | 463 | 474 | 474 | 474 | 518 | 544 | 42 | 3 |
| | Terminations | | 434 | 458 | 439 | 511 | 563 | 541 | 39 | 3 |
| | Trials Completed | | 35 | 32 | 28 | 34 | 25 | 31 | 10 | 3 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 5.2 | 5.4 | 5.1 | 5.4 | 5.1 | 5.1 | 6 | 1 |
| | | Civil** | 4.6 | 4.8 | 4.8 | 5.9 | 5.3 | 5.7 | 2 | 1 |
| | From Filing to Trial** (Civil Only) | | 10.2 | 9.8 | 9.0 | 9.3 | 9.4 | 9.2 | 1 | 1 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 29 | 64 | 12 | 240 | 101 | 13 | | |
| | | Percentage | 1.7 | 4.1 | .7 | 12.1 | 5.1 | .5 | 7 | 1 |
| | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.2 | 1.2 | 1.3 | 1.3 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 50.21 | 45.89 | 44.12 | 50.42 | 44.76 | 41.26 | | |
| | | Percent Not Selected or Challenged | 33.3 | 37.2 | 36.5 | 36.4 | 37.3 | 39.9 | | |

### 2009 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE

| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 3240 | 77 | 212 | 1060 | 46 | 28 | 229 | 431 | 279 | 162 | 334 | 4 | 378 |
| Criminal* | 1206 | 14 | 282 | 277 | 190 | 200 | 14 | 87 | 13 | 44 | 19 | 22 | 44 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.

** See "Explanation of Selected Terms."